STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| 'Appeal of Mark Kearney, Inc. | } | Docket No. 121-7-04 Vtec |

### Decision and Order on Cross-Motions for Partial Summary Judgment

Appellant Mark Kearney, Inc. appealed from a decision of the Zoning Board of Adjustment (ZBA) and Planning Commission of the Town of Rockingham, approving the conversion of a car wash to a take-out food establishment. Appellant Mark Kearney, Inc. is represented by Lawrence G. Slason, Esq; Appellee-Applicants BF Petro, Inc. and Fleming Oil Company, Inc. are represented by Timothy J. O'Connor, Jr., Esq.; and the Town is represented by Michael P. Harty, Esq. Appellants and Appellee-Applicants have moved for summary judgment on Question 5 of the Statement of Questions, regarding whether the landscaping provisions of §§3420 and 4550(9) are applicable to this project. By agreement of the parties, the Town forwarded to the Court a copy[1] of the Zoning Bylaw.

The following facts are undisputed unless otherwise noted. Appellee-Applicants own a 14,680-square-foot parcel of land at 97 Westminster Street, at the corner of Westminster and Atkinson Streets in the Central Business Expansion-14 (CBE-14) zoning district within the village of Bellows Falls. The property is improved with an existing gasoline station having a convenience store and a disused car wash in an existing building. The subject of this appeal is Appellee-Applicant''s application to convert the disused car wash portion of the existing building to add take-out food service to the convenience store. No seating is proposed in connection with this application.

Appellant's property is adjacent to the northeast. On Appellee-Applicants parcel, a grassed area ranging in width from about twelve feet at the sidewalk to about four feet toward the rear lot line adjoins Appellant's property. A residential property adjoins the northwest boundary. As described in §4.3 of the decision appealed from, improved fencing is proposed along that boundary.

Appellee-Applicants'' parcel had been used as a gasoline service station, with automobile repair services as well as gasoline sales, since 1950. Demolition of the then-existing service station building, and construction of the present building in its present location on the northwest property line, was approved by issuance of a variance[2] by the Bellows Falls village ZBA in late 1968, under the village's[3] 1962 zoning ordinance. The

permit allowing placement of the building in its present location became final without appeal, and cannot now be challenged.

Conversion of use of the existing building to a convenience store and car wash was approved[4] in 1983 and 1984. Under the 1982 Zoning Bylaw in effect at that time, the use category of gasoline station[5] was an allowed conditional use in the district. The minimum lot size in the district is probably 14,000[6] square feet, the minimum front and side yard setbacks are 20 feet, and the minimum rear yard[7] setback is 30 feet.

Section 3420(c), which was amended effective January 12, 1987, requires in any commercial district that "a strip of land at least fifteen feet in width" be maintained as a "landscape area" in the front, side and rear yards. However, as the parties have not provided the pre-1987 version of that section, we cannot determine whether that provision was in effect at the time of the 1983 and 1984 approvals, or was added after those approvals. In any event, those approvals became final without appeal, and cannot now be challenged.

In 1998 the Zoning Bylaw was amended to add the use categories of 'convenience store with fuel service,' and 'auto repair services" as conditional uses in the district. Section 4550, pertaining to gasoline or motor vehicle service stations, was also amended generally in 1998. Section 4550(2) requires a minimum lot size of 20,000 square feet, §4550(4) requires a minimum lot depth of 125 feet, and §4550(9) requires a "suitable

landscaped area" to be maintained at least fifteen feet in depth "around all lot boundaries not used as driveway," also cross-referencing the requirements of §3400. The parcel does not comply with any of these three requirements. However, as the parties have not provided the version of §4550 in effect at the time of the 1983 and 1984 approvals, we cannot determine whether the parcel qualifies as a preexisting, non-conforming parcel with respect to these three requirements. Moreover, as the parties have not provided copies of the 1983 and 1984 approvals, we cannot determine whether or not the 1983 or 1984 approvals approved these nonconformities.

The use category of "'convenience store with fuel service" is not defined in Article V of the Zoning Bylaw. The definition of "retail" was repealed effective in early 1997. Section 2540 requires only one principal use per lot, unless approved as a conditional use. It is possible that the 1983 or 1984 approvals approved the then-multiple uses of 'convenience store'' and 'gasoline station' (including the car wash). However, now that the proposal falls within the single use category of ''convenience store with fuel service,' the property copies with the one-use-per-lot requirement of §2540.

In the present application, Appellee-Applicants applied to convert the disused car wash space to the convenience store, and to add take-out food service to the convenience store, without enlarging the building's footprint. The area within the building used by the convenience store will increase, but that increase only affects the calculation

of parking, §3210, not landscaping.  Appellee-Applicants propose to provide a sufficient number of parking spaces under the Zoning Bylaw for the proposed use.

Appellee-Applicants propose to increase the landscaping by constructing four five-foot-wide landscaped[8] berms, to be located along the frontage of both streets except within the access curb cuts.  However, they do not propose to place fifteen-foot-wide strips of landscaping along all boundaries not used for driveways.  Nor do they propose to increase either the width of the grassy area near Appellant's boundary or to add any landscaping to it.

Although the uses on the lot have been conforming uses throughout its history, the existing lot became non-conforming as to the minimum lot size and lot depth for gasoline stations when §§4550(2) and 4550(4) were added.  Similarly, the existing lot became non-conforming as to the fifteen-foot-wide landscaped area around the boundaries when §§3420(c)and 4550(9) were added.

If those provisions were added after the 1983 and 1984 approvals, the parcel would be non-conforming as to those requirements and only §2600 would apply to the landscaping requirements.  On the other hand, if  §§3420(c)and 4550(9) were in place at the time of the 1983 and 1984 proposals, it will be necessary to examine the provisions of those applications and  approvals, or of the minutes at which those approvals were voted on, to determine the extent to which those approvals allowed a smaller landscaped

area than that required by those sections. Under those circumstances, the present application would be need to be treated as an application to amend the 1983 and 1984 approvals. Under either scenario, the addition of landscaping materials to the area adjacent to Appellant's property could be required by the ZBA or the Planning Commission, and hence by this Court in this de novo appeal.

Although the missing information may not actually be disputed, it has not been provided to the Court. Accordingly, both parties motions for partial summary judgment must be denied, as material facts are in dispute.

We will hold a conference to discuss the preparation of the case for trial. The Court's preference is to hold that conference in person this Friday, April 22, 2005, at 9:00 a.m. at the Windham District Court, and to ask the Town's representatives to bring the complete file for the property and the earlier versions of the Zoning Bylaw. However, due to the short notice, if that conference is not possible, we will schedule it to be held by telephone and to ask the parties to be together at the Town offices for the purposes of the conference. To facilitate these arrangements, we will fax a copy of this decision to the parties, and will be calling later today regarding the arrangements for the conference.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both motions for partial summary judgment on Question 5 are denied, as material facts are in dispute, or at least have not been provided to the Court in connection with the motions.

Done at Berlin, Vermont, this 19th day of April, 2005.

_____

Merideth Wright

Environmental Judge

---

[1]   The edition of the Zoning Bylaws forwarded by the Town states that it was approved in "1982 and as amended"' and was "reprinted" in 2000.  Each amended section shows the date it was amended, but there is no indication of the earlier language.

[2]   The vote was to grant it "under a variance allowable under Section 14.2.3 [of] the Zoning Ordinance of 1962."  However, the parties have not provided that section, and it is not apparent whether it dealt with variances or with nonconformities.

[3]   The Town of Rockingham and the Village of Bellows Falls had separate zoning ordinances until adoption of the combined 1982 zoning bylaw.  See §1210.

[4]   As neither party provided these approvals, the Court cannot determine whether these were conditional use approval and site plan approval, nor whether any of the non-

conforming setbacks were considered at that time, nor whether any conditions were imposed.

[5] Its current definition includes car wash services, but that definition is noted as having been amended in 1998 and the parties have not provided the pre-1998 language.

[6] There appears to be a typographical error in §2425 of the Zoning Bylaw stating the minimum lot size as 4,000 square feet. All the other '-14' zoning districts have a lot size of 14,000 square feet, and all the '-7' zoning districts have a minimum lot size of 7,000 square feet. Moreover, a 4,000-square-foot lot would be smaller than the one-eighth acre which is the minimum for a pre-existing small lot under the state statute. The subject property exceeds 14,000 square feet, and therefore was not non-conforming as to lot size until the adoption of the 1998 amendments requiring a larger lot size for gasoline stations.

[7] The definition of the term 'yard' in Article V includes the following sentence: "All yards facing streets are considered front yards; there shall be only one front yard if there is frontage on more than one street." A subset of the definition of 'lot frontage' for 'developed corner lots,'' amended generally effective on May 6, 1997, requires that "[l]ot frontage shall be along the street line by which the property is identified by the municipal tax bill or land records as of the effective date of this amendment." The building is treated as located within the rear setback, so that the Westminster Street side must be identified as the front yard according to this definition.

[8] Nothing in the application materials shows the nature of the proposed landscaping materials, although they are referred to in §1.9 of the decision appealed from as "'a mix of evergreen and flowering plants" and that they would be low enough to "assure visibility."